IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DERRICK GUFFIE,<br><br>  Defendant. | CRIMINAL ACTION NO.:<br><br>1:20-CR-86-ELR-JKL |

**FINAL REPORT AND RECOMMENDATION**

This criminal case is before the Court on Defendant Derrick Guffie's Motion to Dismiss Counts Six, Eight, and Ten. [Doc. 54.] For the reasons that follow, it is **RECOMMENDED** that the motion be **DENIED**, without prejudice to Mr. Guffie's ability to challenge the applicability of any 18 U.S.C. § 924(e) enhancements at sentencing.

**I.    BACKGROUND**

On February 20, 2020, a grand jury seated in this district returned an eleven-count indictment against Mr. Guffie. [Doc. 1.] Relevant for present purposes are Counts Six, Eight, and Ten, charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [*Id.* at 3-4, 5, 6.] Each of the three counts lists six alleged felony convictions that form the basis

of the felony firearm charges under §§ 922(g)(1) and 924(e), along with the relevant date and jurisdiction:

- voluntary manslaughter, on or about July 1994, in the Superior Court of Fulton County, Georgia;

- possession with intent to distribute a controlled substance, on or about March 2009, in the Superior Court of Douglas County, Georgia;

- fleeing and attempting to elude, on or about August 2014, in the Superior Court of Fulton County, Georgia;

- burglary in the second degree, on or about January 2015, in the Superior Court of Fulton County, Georgia; and

- aggravated assault and robbery by force, on or about June 2017, in the Superior Court of Fulton County, Georgia.

[*Id.* at 3-6.]

After Mr. Guffie's arraignment, and multiple continuances, I certified this case ready for trial on November 9, 2020. [Doc. 41.] Despite this, on February 3, 2021, Mr. Guffie moved to decertify the case and for leave to file pretrial motions. [Doc. 48.] The case was decertified on March 22 for me to consider whether to grant Mr. Guffie leave to file pretrial motions, [Doc. 52], and on March 23, I

granted his request [Doc. 53].  A week later, Mr. Guffie filed the instant motion, challenging the applicability of certain of the convictions to Counts Six, Eight, and Ten, and seeking the dismissal of those "portions."  [Doc. 54.]  The government has responded in opposition to the motion [Doc. 56], and Mr. Guffie has filed a reply [Doc. 58].  At the Court's direction, the government also filed a surreply to address new arguments that Mr. Guffie raised for the first time in his reply.  [Doc. 61.]  The motion is now ripe for review.

## II.     DISCUSSION

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), provides that a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a mandatory sentence of 15 years imprisonment if the defendant has three prior convictions for either a serious drug offense or a violent felony.  "The ACCA defines 'violent felony,' *inter alia*, as any offense punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Sanchez*, 940 F.3d 526, 530 (11th Cir.), *cert. denied*, 140 S. Ct. 559 (2019).

### A. The Parties' Contentions

Mr. Guffie argues that four of the convictions enumerated in the indictment—the voluntary manslaughter, second degree burglary, robbery by force, and fleeing/attempting to elude convictions, specifically—do not qualify as either violent felonies or serious drug offenses and, therefore, the portions of the indictment "charging" him with an enhanced penalty under § 924(e)(1) based upon those convictions should be dismissed. [Doc. 54.] The government responds that Defendant's motion should be denied as premature because § 924(e) is a sentencing enhancement and comes into play only **after** a defendant is convicted under § 922(g)(1). [Doc. 56 at 5-6.] The government argues that, regardless, the enumeration of three qualifying convictions is not an element of the § 922(g)(1) offense, and, therefore, provides no basis for dismissing Counts Six, Eight and Ten. [*Id.* at 6-8.] The government maintains because that it does even not need to list a predicate § 924(e) conviction in the indictment for the sentencing enhancement to apply after conviction. [*Id.* at 8-9.] Finally, the government points out that the 924(e) sentencing enhancement is automatically applied by the Court at sentencing, irrespective of whether the government affirmatively seeks it, making "dismissal" inappropriate. [*Id.* at 10-11.]

On reply, Mr. Guffie acknowledges that § 924(e) is a sentencing enhancement provision and does not create a separate offense. [Doc. 58 at 2.] Nonetheless, citing *United States v. Covington*, 565 F.3d 1336 (11th Cir. 2009), he argues that because the government has explicitly charged him with violating both § 922(g)(1) and § 924(e), it "chose to add material averments to the indictment that include allegations concerning [] §924(e)," and if he were to plead guilty to any of Counts Six, Eight, or Ten, he would necessarily be admitting that the sentencing enhancement in § 924(e) applied. [*Id.*] According to Mr. Guffie, the government has put him in a catch-22: if pleads guilty to those counts, he will be unable to challenge whether they are qualifying convictions at sentencing, but if he proceeds to trial, he will potentially lose benefits that he could obtain under the Sentencing Guidelines. [*Id.* at 3.]

In its surreply, the government offers that Mr. Guffie would not forfeit his ability to object to any sentencing enhancements listed in the indictment or the presentence report by pleading guilty to possessing a firearm. [Doc. 61.]

**B.    Analysis**

The parties are correct in what they agree upon.  Section 924(e) is indeed a sentencing enhancement; it is neither an element of a 922(g)(1) offense, nor a separate offense itself.  *United States v. McGatha*, 891 F.2d 1520, 1525 (11th Cir.

5

1990) ("We conclude that § 924(e), as amended, is intended only to provide enhanced punishment for those persons convicted under § 922(g) who also have three previous felony convictions. It was unnecessary for the jury to consider the defendant's prior convictions, for these convictions were not an element of the offense for which he was indicted and to which he entered his plea of guilty."); *see id.* at 1527 ("Because § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, the previous felony convictions necessary for sentencing under § 924(e)(1) are not an element of the offense for which appellant was tried."). Because of this, courts, including this one, defer issues relating to the applicability of § 924(e) until sentencing. *See, e.g., United States v. Everett*, No. 1:17-CR-020-RWS-JKL, 2019 WL 6458425, at *9 (N.D. Ga. July 5, 2019), *report and recommendation adopted*, No. 1:17-CR-20-1-RWS-JKL, 2019 WL 4126657, at *2 (N.D. Ga. Aug. 30, 2019) (denying motion to dismiss § 924(e) enhanced penalty provisions without prejudice to raising the issue at sentencing); *see also, e.g., United States v. Marsalis*, 314 F. Supp. 3d 462, 466 (E.D.N.Y. 2018); *United States v. Chambliss*, No. 815CR00476EAKJSS, 2016 WL 11469180, at *14 (M.D. Fla. Sept. 26, 2016) (same), *report and recommendation adopted*, No. 8:15-CR-476-T-17JSS, 2016 WL 6080205 (M.D. Fla. Oct. 17, 2016); *United States v. Elrod*,

No. 3:15-CR-233-D, 2015 WL 5227831, at *2 (N.D. Tex. Sept. 8, 2015) (stating that Defendant's "arguments concerning § 924(e) are premature and can be addressed if he is convicted and the applicability of § 924(e) becomes an issue at sentencing"); *United States v. Ayotte*, 841 F. Supp. 2d 398, 410 (D. Me. 2012) (explaining that "§ 924(e) in Count 1 of the indictment merely puts [defendant] on notice that the Government intends to seek this sentencing enhancement should it obtain a conviction."). Mr. Guffie has not directed the Court to any case in which a court has dismissed any portion of an indictment for listing a non-qualifying conviction for purposes of §924(e).

Despite acknowledging on reply that § 924(e) is a sentencing enhancement provision, Mr. Guffie still argues that his challenge is ripe. In particular, he fears that if he pleads guilty to the § 922(g) charges, he would essentially concede that all six of the convictions—listed in the indictment as predicate convictions—in fact qualify for enhancement purposes, and lose the opportunity to challenge them at sentencing. In other words, Mr. Guffie is worried that a future guilty plea would amount to the admission that he has six qualifying convictions and automatically lengthen his sentence. In support of this argument, he relies heavily on *United States v. Covington*, 565 F.3d 1336 (11th Cir. 2009). In that case, Covington had

been charged, *inter alia*, with being a felon in possession of a firearm in violation of § 922(g) and with committing three prior felonies convictions that subjected him to a sentencing enhancement under § 924(e).  565 F.3d at 1341.  He pleaded guilty to the § 922(g) charge, and the district court sentenced him as an armed career criminal under § 924(e).  *Id.* at 1345.  On appeal, Covington argued that the district court erroneously enhanced his sentence because one of his predicate convictions was constitutionally invalid since his counsel was ineffective and he had allegedly been absent from his own plea colloquy.  *Id.*

The Eleventh Circuit rejected Covington's argument for two reasons.  First, the Circuit explained that Covington's attempt to collaterally attack his prior conviction (whether based upon ineffective assistance of counsel or improper plea) was immaterial to whether the conviction qualified as a predicate offense under § 924(e).  Second, and significantly for present purposes, the court observed that Covington pleaded guilty to an indictment that alleged he had possessed a firearm in violation of § 922(g)(1); that the indictment listed his three prior felonies for armed possession of cocaine, battery in a detention facility, and robbery; and that he qualified as an armed career criminal under the ACCA.  *Id.* at 1345. As the court explained:

> Covington's knowing and informed plea of guilty to Count 3, which included a plea colloquy that addressed the ACCA and its possible penalties, amounted to an express admission that § 924(e)(1) applied to his case.

*Id.* Here, Mr. Guffie interprets the Court of Appeals' second reason as recognizing that a defendant who pleads guilty to a § 922(g) count that contains an ACCA sentence enhancement automatically forfeits his right to challenge whether any of the predicate convictions qualify as violent felonies under the ACCA.

I disagree. For starters, the issue in *Covington* was fundamentally different. Covington challenged the validity of an underlying felony conviction altogether, and not simply how the felony should be classified under § 924(e). The Eleventh Circuit understood as much when it held that he could not challenge his predicate conviction collaterally in this manner. Only after reaching that conclusion did it then observe that Covington had also admitted to the fact of his conviction when he entered a guilty plea to violating §§ 922(g) and 924(e).

Importantly, as it pertains to Mr. Guffie's concerns in this case, I do not read the Court of Appeals to hold that a defendant forfeits his right to challenge the classification of a prior conviction as a violent felony under § 924(e) simply by pleading guilty on an indictment listing earlier criminal convictions. Rather, the Circuit noted that Covington had engaged in a plea colloquy that directly

9

"addressed the ACCA and its possible penalties, [and which] amounted to an express admission that § 924(e)(1) applied to his case." *Covington*, 565 F.3d at 1345. In other words, it was Covington's admissions at the plea colloquy—and not the listing of those convictions of the indictment—that were determinative. The Court of Appeals never concerned itself with language of the indictment.

This reading of *Covington* squares with *United States v. Bennett*, 472 F.3d 825, 833 (11th Cir. 2006), the case on which the Court of Appeals principally relied in holding that Covington had admitted § 924(e) applied to his case. In that case, Bennett admitted during his plea colloquy to having three prior violent felony convictions, despite being given "an opportunity to challenge his prior convictions" at the hearing. *Bennett*, 472 F3d at 827. The court found this admission authorized the court to apply the ACCA's enhanced penalty, explaining:

> At Bennett's plea colloquy, the district judge thoroughly explained to Bennett the consequences of entering a guilty plea, *particularly that a guilty plea included an admission to his having three prior violent felony convictions*. . . . After the district judge's thorough instructions, Bennett admitted that he had been convicted of three prior violent felonies. This alone authorized the district court to sentence Bennett as an armed career criminal under § 924(e).

*Id.* at 832-33 (emphasis added). Thus, it is clear that was the admissions at the plea colloquies—rather than the language of the indictments—that doomed both

10

Covington and Bennett's ability to challenge the classification of prior convictions as violent felonies.

Applying these principles here, I am not persuaded that the language of the indictment means that Mr. Guffie would automatically be subject to enhanced sentencing as an armed career criminal were he to plead guilty to Counts Six, Eight or Ten. Indeed, the indictment only notices Mr. Guffie of an ACCA sentencing enhancement—it does not affirmatively allege that any of the six predicate convictions qualifies as either a violent felony or drug trafficking offense. What's more, the government has now explicitly stated that the indictment provides mere notice that the sentencing enhancement "may apply" and that Mr. Guffie will not be prevented from making legal arguments as to whether his prior convictions qualify as violent felonies or drug trafficking offenses prior to sentencing.

In sum, there is ample authority recognizing that pretrial motions to dismiss § 924(e) enhanced penalty provisions should be denied as premature and without prejudice to raising the issues at sentencing. *Covington* and *Bennett* do not change this. Accordingly, Mr. Guffie's motion to dismiss should be denied.

## III.  CONCLUSION

For the reasons explained above it is **RECOMMENDED** that Mr. Guffie's Motion to Dismiss Counts Six, Eight and Ten be **DENIED** without prejudice to his

challenging the applicability of any 18 U.S.C. § 924(e) sentencing enhancements at sentencing.

There being no other matters pending before the undersigned Magistrate Judge; accordingly, this case is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED** this 25th day of June, 2021.

_____
JOHN K. LARKINS III
United States Magistrate Judge