IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 1:20-CR-00086-ELR-JKL |
| | * | |
| DERRICK GUFFIE, | * | |
| a/k/a Corey Bernard Willis, | * | |
| a/k/a Corey Moore, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**O R D E R**

This matter is before the Court for consideration of Magistrate Judge John K. Larkins, III's Report and Recommendation ("R&R") [Doc. 62] that Defendant's Motion to Dismiss Counts 6, 8 and 10 [Doc. 54] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 64]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

**I. Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district

judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

Defendant's objections to the R&R are based on the Magistrate Judge's findings that: (1) §922(e)(1) does not create a separate offense but is merely a sentence

enhancement provision that should only be considered at sentencing; (2) pleading guilty to §922(g) felony that contains an ACCA sentence enhancement does not automatically forfeit his right to challenge whether any of the predicate convictions qualify as violent felonies under the ACCA; and (3) he has not directed the Court to any case in which a court has dismissed any portion of an indictment for listing a non-qualifying conviction for purposes of §924(e).

### III. Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly, the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this Court and **DENIES** Defendant's Motion to Dismiss Counts 6, 8 and 10 [Doc 54].

Defendant is **directed to announce** within twenty-one (21) days of this Order, whether he intends to enter a plea or wishes to proceed to trial in this case.

**SO ORDERED**, this 12th day of August, 2021.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia